**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------)
JEFFERSON VALLEY RACQUET CLUB, INC.   )
d/b/a Club Fit Corporation                                      )
                                                                             )   Civil Action No. 1:15-cv-13996
                                           Plaintiff,            )   JUDGE(S):
                    v.                                               )
                                                                             )
TSR MANAGEMENT LLC                                   )
                                                                             )
                                           Defendant.        )
---------------------------------------------------------------)

## COMPLAINT

The Plaintiff, Jefferson Valley Racquet Club, Inc., d/b/a Club Fit Corporation ("Plaintiff") by and for its complaint against Defendant, TSR Management LLC ("Defendant") hereby alleges and states:

### I.   INTRODUCTION

1. This is an action for Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), and the Common Law of the State of Massachusetts, and for False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125.

### II.   PARTIES

2. Plaintiff, Jefferson Valley Racquet Club, Inc. d/b/a Club Fit Corporation is a New York corporation located at P.O. Box 241, 600 Bank Road, Jefferson Valley, New York 10535.

3. Upon information and belief, Defendant, TSR Management LLC is a Massachusetts limited liability company located at 200 North Dartmouth Mall, North Dartmouth, MA 02747.

### III. JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §1114, §1125. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, and Unfair Competition, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 USC §1391(b) because the Defendant resides in this District, and a substantial part of the events giving rise to the claims in this action occurred in this District.

### IV. FACTUAL BACKGROUND

6. Plaintiff is the owner of all right, title, and goodwill associated with the trademark CLUB FIT in connection with, among others, health, fitness and gymnasium services and related goods, including articles of clothing and water bottles.

7. Plaintiff is also the owner of US Registration No. 1,606,808, registered July 17, 1990 for the mark CLUB FIT. A copy of Plaintiff's Registration Certificate is attached as Exhibit A.

8. Plaintiff's US Registration No. 1,606,808 is incontestable under 15 USC §§ 1065 and 1115(b).

9. Since long prior to the acts of Defendant complained of herein, Plaintiff has been engaged in the business of offering and providing health, fitness and gymnasium services and related goods under the CLUB FIT mark.

10. Plaintiff has been using its CLUB FIT mark since at least as early as 1989.

11. Defendant has adopted and is using the identical or highly similar CLUB FIT mark.

12. Defendant's CLUB FIT Mark is used in connection with identical or highly similar services and goods as those offered under Plaintiff's registered CLUB FIT mark.

13. Defendant's use of the CLUB FIT mark is without the approval or authorization of Plaintiff.

14. Plaintiff and Defendant promote, market and/or offer their services on the Internet, including through company websites, social media websites including Facebook and Twitter and through Youtube.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114

15. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

16. Without the consent or authorization of Plaintiff, Defendant has adopted and used Defendant's CLUB FIT mark which is confusingly similar to Plaintiff's CLUB FIT mark in connection with the advertising and offering of health, fitness and gymnasium services, and upon information and belief other related goods.

17. Defendant is using Defendant's CLUB FIT mark without the Plaintiff's consent or authorization, in a way which damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services offered by Defendant, giving the impression

3

that these services offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

17. On information and belief, the Defendant's CLUB FIT services are offered through the same or related trade channels as the Plaintiff's CLUB FIT services.

19. Plaintiff's and Defendant's CLUB FIT services are marketed and promoted on the Internet.

20. On information and belief, Defendant's CLUB FIT branded services are advertised and promoted through identical or highly related channels to those employed by the Plaintiff, including through online advertising and social media websites including Facebook, Twitter and Youtube.

21. On information and belief, Defendant has no present intention of terminating the activities complained of but, on the contrary, is continually seeking to expand such activities.

22. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation or association of the services of Defendant.

23. Plaintiff has placed Defendant on notice of its infringement in writing and Defendant has refused to discontinue its infringing activities.

24. Defendant is willfully infringing Plaintiff's CLUB FIT mark.

25. Defendant's adoption and use of Defendant's CLUB FIT mark infringes Plaintiff's rights in Plaintiff's CLUB FIT mark as a result of Defendant's use of the CLUB FIT mark in connection with the same or confusingly similar services and goods to those offered by Plaintiff under its CLUB FIT mark.

26. Such use by the Defendant is likely to cause confusion, mistake or deception as to the Plaintiff's CLUB FIT mark and Defendant's use.

27. Plaintiff is damaged as a result of Defendant's activities.

28. Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT II
## COMMON LAW INFRINGEMENT

29. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

30. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's CLUB FIT mark, under the laws of the State of Massachusetts.

31. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its CLUB FIT mark. The mark has been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding the Defendant's adoption and use of its CLUB FIT mark.

32. Plaintiff has extensively used Plaintiff's CLUB FIT mark in commerce and has acquired a considerable and valuable goodwill and wide-scale recognition for its mark. The public has come to associate Plaintiff's CLUB FIT mark with Plaintiff and Plaintiff's goods and services.

33. Defendant's adoption of the identical or highly similar mark contributes to the likelihood that consumers will attribute goods and services offered under the CLUB FIT mark as emanating from the Plaintiff.

34. Defendant's use of the identical or highly similar CLUB FIT mark, on related and confusingly similar goods and services, as alleged above, is highly damaging to the Plaintiff and its mark.

35. Defendant's use of the mark CLUB FIT in conjunction with the same or similar goods and services as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the products sold and offered for sale by Defendant.

36. Defendant has been placed on notice of the Plaintiff's CLUB FIT mark, and of the damage engendered by Defendant's use of the confusingly similar CLUB FIT mark.

37. Defendant's infringement is willful.

38. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's CLUB FIT mark and the goodwill associated with its trademark.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT

39. Plaintiff restates and reavers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

40. This count arises under 15 U.S.C. §1125(a).

41. Defendant has used Defendant's CLUB FIT mark in a manner which is likely to cause confusion, mistake or deception, by virtue of its prominent use thereof in connection with Defendant's goods and services.

42. Defendant's use and/or association with its CLUB FIT mark represents a False Designation of Origin, as consumers are likely to associate Defendant's CLUB FIT mark with the Plaintiff and with Plaintiff's goods and services.

43. Consumers will believe that Defendant's goods and services in conjunction with the infringing CLUB FIT mark are associated with, sponsored and/or endorsed by the Plaintiff, when in fact they are not.

44. Defendant's use of its CLUB FIT mark erodes the connection between Plaintiff's CLUB FIT mark as being the single source for Plaintiff's goods and services offered under such mark. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

45. Defendant has no connection whatsoever with the Plaintiff and Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

46. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

47. Defendant's use and/or association with Plaintiff's CLUB FIT mark constitute a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

48.     Defendant's use of the CLUB FIT mark constitutes false advertising leading consumers to believe that Defendant's goods and services originate from the Plaintiff when in fact they do not.

49.     Defendant's acts under this Count are willful.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

50.     Plaintiff restates and reavers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

51.     This count is for Unfair Competition in violation of 15 USC §1125(a).

52.     Defendant's adoption of the Plaintiff's CLUB FIT mark without Plaintiff's consent is likely to cause confusion among consumers.

53.     Defendant's adoption of Defendant's CLUB FIT mark unfairly capitalizes on the goodwill associated with the Plaintiff's CLUB FIT mark that Plaintiff has built throughout the years.

54.     By adopting a mark that is so similar to Plaintiff's CLUB FIT mark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

55.     Plaintiff is harmed by Defendant's activities.

56.     Defendant's acts under this Count are willful.

57.     Defendant's acts constitute unfair competition.

**DEMAND FOR JURY TRIAL**

58. Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display or advertising of its goods or services under the trademark CLUB FIT or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's CLUB FIT mark.

2. THAT pursuant to 15 USC §1117, Defendant be directed to pay over to Plaintiff, any and all damages which they have sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3. THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

4. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages,

containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the trademark CLUB FIT or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's CLUB FIT mark, for the purposes of destruction thereof.

5. THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

6. THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

7. THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

8. THAT the Defendant be required to account to and pay Plaintiff for all profits and expenses realized by Defendant.

9. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

Respectfully Submitted,

By:   __/s/ Jess M. Collen_____
Jess M. Collen
Jeffrey A. Lindenbaum (*pro hac vice pending*)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.  (914) 941-5668
Fax. (914) 941-6091
*Attorneys for Plaintiff*

Dated: December 1, 2015